# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| EARLINE LAHMAN, RANDY LAHMAN | § § § | |
| v. | § § | Civil Action No. 4:17-CV-00305<br>Judge Mazzant |
| NATIONWIDE PROVIDER SOLUTIONS, CAPE FOX CORPORATION, CONCENTRIC METHODS LLC, CAPE FOX FEDERAL INTEGRATORS, CAPE FOX PROFESSIONAL SERVICES, LLC, NAVAR INC., CAPE FOX GOVERNMENT SERVICES, CAPE FOX FACILITIES SERVICES, CAPE FOX SHARED SERVICES, MICHAEL BROWN, GEORGE BERNARDY, WILLIAM WALKER, BERNARD GREEN, HAROLD MITCHELL, CHARLES JOHNSON, CLIFFORD BLAIR, KATHERINE MILTON | § § § § § § § § § § § § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Cape Fox Corporation's Motion to Dismiss for Insufficiency of Process against the following Defendants: Concentric Methods, LLC; Cape Fox Federal Integrators; Cape Fox Professional Services, LLC; Navar, Inc.; Cape Fox Government Services; Cape Fox Facilities Services; Cape Fox Shared Services; Michael Brown; George Bernardy; William Walker; Bernard Green; Harold Mitchell; Charles Johnson; Clifford Blair; and Katherine Milton (collectively, the "Unserved Defendants"). The Court finds that Cape Fox Corporation's motion should be denied and Plaintiffs shall complete service on or before October 31, 2017.

## BACKGROUND

On April 16, 2015, Plaintiffs Earline Lahman and Randy Lahman ("Plaintiffs") filed this action against Cape Fox Corporation ("CFC") and Nationwide Provider Solutions, LLC ("NPS"), in the 62nd Lamar County District Court (Dkt. #1, Exhibit C-3). On April 29, 2016, CFC and NPS filed their Answer, and CFC filed Original Counterclaims (Dkt. #1, Exhibit C-7). On April 10, 2017, Plaintiffs filed an Amended Petition dropping NPS as a defendant and adding it as a plaintiff (Dkt. #1, Exhibit C-9). The Plaintiffs also added the 15 additional Unserved Defendants. On May 5, 2017, the matter was removed to this Court (*See* Dkt #1).

On August 8, 2017, CFC filed this motion to dismiss asserting that the case should be dismissed against the Unserved Defendants under Rule 12(b)(5) (Dkt. #17). On September 6, 2017, Plaintiffs filed a response (Dkt. #18). On September 14, 2017, CFC filed a reply (Dkt. #20).

## LEGAL STANDARD

A party may seek dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b); *see also Albany Ins. Co. v. Almacenadora Somex*, 5 F.3d 907, 909 (5th Cir. 1993). Rules 12(b)(4) and 12(b)(5), respectively, provide defenses for insufficiency of process and insufficiency of service of process. Fed. R. Civ. P. 12(b)(4),(5). In addition to constituting grounds for dismissal, insufficient process and insufficient service of process also implicate a court's authority to exercise personal jurisdiction over a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, 1327, 143 L.Ed.2d 448 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Therefore, if a defendant here was not properly served with process, this Court cannot exercise jurisdiction over a defendant or this matter.

A defendant must raise an objection to the sufficiency of process or service in his answer or pre-answer motion. Fed. R. Civ. P. 12(h)(1). If objections to service are not raised in the answer or pre-answer motion, they are waived. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1021 (5th Cir. 1995). Importantly, however, as long as the objection is made in a timely fashion, a defendant's appearance in the suit does not waive the objection to service. *See, e.g., McCarter v. Harris County*, No. H–04–4159, 2006 WL 1281087, at *3 (S.D. Tex. May 5, 2006) (rejecting the argument that defendant waived grounds for dismissal because it had filed an answer in the suit).

CFC seeks dismissal based on improper service for the Unserved Defendants. It is generally accepted that parties lack standing to seek dismissal of parties other than themselves. However, "[a] district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order." *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); Fed. R. Civ. P. 4(m).

Federal Rule of Civil Procedure 4(c) places the burden on Plaintiffs to ensure that a defendant is properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1); *Carimi v. Royal Carribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). In making this determination, the Court can look outside of the complaint to determine what steps, if any, a plaintiff took to effect service. *Morris v. Liberty Mut. Ins. Co.*, No. 08–4247, 2009 WL 1941203, at *1 (E.D. La. July 7, 2009).

Rule 4 of the Federal Rules of Civil Procedure sets forth the guidelines to determine what constitutes valid service of process. Fed. R. Civ. P. 4. In addition to service under the federal rules, Rule 4(h)(1) allows service of process to be effectuated in accordance with Rule 4(e)(1), which states that service of process may be made "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or

where service is made." Fed. R. Civ. P. 4(e)(1). Thus, the Court here should look to both Texas and Federal law to see if service was proper, as Plaintiffs could have effected service under either.

The Texas and Federal Rules of Civil Procedure both require a properly-executed summons (or the equivalent) to be served upon the defendant in order for process to be sufficient. Fed. R. Civ. P. 4(c)(1); Tex. R. Civ. P. 106(a)(2). The Texas and Federal Rules of Civil Procedure also both require service to be made upon designated individuals who are authorized to accept service of process on behalf of the corporation. Fed. R. Civ. P. 4(h)(1); Tex. Bus. Orgs. Code § 5.255. Under the federal rules, service of process upon a corporation must be made upon "an officer, a managing or general agent, or . . . any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). Similarly, Texas allows service of process on a corporation's registered agent, president, or vice president. Tex. Bus. Orgs. Code §§ 5.201, 5.255(1).

**ANALYSIS**

Plaintiffs did not comply with either federal or state rules in effecting service of process. The record reflects that none of the Unserved Defendants were served in any manner. Given the finding that service was not proper, this Court is now faced with whether dismissal is warranted. If a plaintiff has not effected proper service within ninety (90) days of filing the complaint, the Court may either dismiss the action without prejudice or allow additional time for service. Fed. R. Civ. P. 4(m); *see, e.g., Grant–Brooks v. Nationscredit Home Equity Servs.*, No. 3:01–CV–2327, 2002 WL 424566, at *4–5 (N.D. Tex. Mar. 15, 2002) (quashing service of process but denying motion to dismiss because 120–day time period to serve defendant had not expired).[1]

---

[1] The 2015 amendments to the Federal Rules of Civil Procedure reduced the presumptive time limit for serving a defendant from one hundred twenty (120) to ninety (90) days. Fed. R. Civ. P. 4(m).

4

Here, more than ninety (90) days have passed since Defendants' removal of this case, and service has apparently never been properly made.

However, upon a showing of good cause for the failure of service, the Court must extend the time for service. Fed. R. Civ. P. 4(m). Good cause is more than inadvertence, mistake of counsel, or ignorance of the rules. *See Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Plaintiffs must show excusable neglect, as well as establish good faith and a reasonable basis for not serving the summons and complaint within the time allowed by the rules. *Id.* In this case, Plaintiffs offer good cause. Even if Plaintiffs lack good cause, however, the Court has discretionary power to extend the time for service. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). "A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Id.* (quoting Fed. R. Civ. P. 4(m) advisory committee's notes (1993)). Accordingly, the Court concludes that the Defendant's motion to dismiss should be denied and the time for effecting proper service of process upon the Unserved Defendants should be extended.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Cape Fox Corporation's Motion to Dismiss for Insufficiency of Process (Dkt. #17) is hereby **DENIED** and Plaintiffs shall complete service on or before October 31, 2017.

**SIGNED this 20th day of September, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE