# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| EARLINE LAHMAN, RANDY LAHMAN, AND NATIONWIDE PROVIDER SOLUTIONS, LLC, | § § § § § § § § § § § § § § | |
| v. | | Civil Action No. 4:17-CV-00305<br>Judge Mazzant |
| CAPE FOX CORPORATION, NAVAR INC., WILLIAM WALKER, BERNARD GREEN, CHARLES JOHNSON, | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant William Walker's ("Walker") Second Rule 12(b)(6) Motion to Dismiss (Dkt. #96). Having considered the relevant pleadings, the Court finds that Walkers's motion should be denied.

On June 19, 2018, the Court issued a Memorandum Opinion and Order, denying, among other things, Walker's First Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint (the "Order") (Dkt. #91). On June 25, 2018, Walker filed his Motion to Amend or Supplement the Order to explain which claims Plaintiffs had properly pleaded in their Second Amended Complaint for purposes of defeating his First Rule 12(b)(6) Motion to Dismiss. On June 26, 2018, Plaintiffs filed their Third Amended Complaint (Dkt. #95). On June 28, 2018, Walker filed his Second Rule 12(b)(6) Motion to Dismiss the Third Amended Complaint (Dkt. #96). On July 24, 2018, Plaintiff responded (Dkt. #100). On July 30, 2018, Walker replied (Dkt. #102). On August 7, 2018, Plaintiffs filed their sur-reply (Dkt. #108).

**LEGAL STANDARD**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth."

*Iqbal*, 129 S. Ct. at 1951. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing the current complaint, the motion to dismiss, the response, and the reply, the Court finds that Plaintiffs has stated plausible claims for all of their causes of action for purposes of defeating a Rule 12(b)(6) motion.

## CONCLUSION

It is therefore **ORDERED** that Walker's Rule 12(b)(6) Motion to Dismiss (Dkt. #96) is hereby **DENIED**.

It is further **ORDERED** that Walker's Motion to Amend or Supplement the Court's Memorandum Opinion and Order on Rule 12(b)(6) Motion to Dismiss (Dkt. #93) is hereby **DENIED** as moot[1].

---

[1] The Court denies Walker's Motion to Amend or Supplement the Order (Dkt. #93) as moot since the Order concerned Walker's First Rule 12(b)(6) Motion to Dismiss with regard to Plaintiffs' Second Amended Complaint. Plaintiffs subsequently filed their Third Amended Complaint and Walker filed his Second Rule 12(b)(6) Motion to Dismiss based on that Third Amended Complaint.

**SIGNED this 4th day of September, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE